# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Shaun Scipio, | Civil Action No. 0:17-cv-03126-JMC |
| Plaintiff, | |
| v. | **ORDER** |
| Fairfield County, South Carolina, | |
| Defendant. | |

This action arises from alleged violations of the Americans with Disabilities Act ("ADA") by Defendant Fairfield County, South Carolina. The matter before the court is Defendant's Bill of Costs pursuant to Local Rule 54.03, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920 (2008), seeking to recover $3,045.63 in litigation costs from Plaintiff Shaun Scipio.[1] (ECF No. 51.) On September 30, 2019, the court issued an order accepting the Magistrate Judge's Report and Recommendation (ECF No. 41) and granting Defendant's Motion for Summary Judgment. (ECF No. 49.) On October 7, 2019, Defendant filed the present motion, to which Plaintiff filed objections on October

---

[1] Defendant's claim for $3,045.63 is itemized as follows:

    Copies of depositions and exhibits of Shaun Scipio: $1,238.75
    Copies of deposition of Marcus Harlan: $137.20
    Copies of deposition of Davis Anderson: $313.60
    Copies of exhibits of Harlan and Anderson: $24.25
    Copies of deposition of William C. Gray: $235.20
    Copies of deposition of Teresa Lawson: $267.05
    Copies of deposition of Hyatte Kelsey: $220.50
    Copies of deposition of Jannie Davis: $102.90
    Copies of exhibits of Gray, Lawson, Kelsey and Davis: $20.75
    Cost of binding of Memo in Support of Motion for Summary Judgment: $63.67
    Cost of binding of Reply in Support of Motion for Summary Judgment: $21.76
    Cost of Removal to Federal Court: $400.00

(ECF Nos. 51; 51-1; 51-2 at 1-5.)

21, 2019 (ECF No. 52).

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs other than attorney's fees should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) "creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Teague v. Bakker*, 35 F.3d 978, 995-96 (4th Cir. 1994)). "To overcome the presumption of awarding costs, a district court 'must justify its decision [to deny costs] by articulating some good reason for doing so.'" *Id*. (internal quotation marks omitted) (quoting *Teague*, 35 F.3d at 996). "Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award," *Id.* (citing *Delta Air Lines*, 450 U.S. at 355 n.14), or when "the losing party's inability to pay will suffice to justify denying costs." *Cherry*, 186 F.3d at 446 (quoting *Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)). The Fourth Circuit has "recognized additional factors to justify denying an award of costs, such as their excessiveness in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided." *Id*. (citing *Teague*, 35 F.3d at 996). "Although the losing party's good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Id*. (internal quotation marks omitted).

Here, Plaintiff objects and contends that his claims arising under the ADA "were not frivolous, unreasonable, or without foundation . . . Plaintiff had a reasonable basis for bringing his claims despite the [c]ourt's grant of Defendant's Motion for Summary Judgment." (ECF No. 52 at 2.) Moreover, "ADA issues in the workplace are of paramount importance, and it cannot be

disputed that Plaintiff is absolutely sincere in his belief that the actions and omissions [by] Defendant . . . [gave] rise to important questions as to the legality of Defendant's employment practices." (*Id.*) In addition, Plaintiff claims that he is unable to pay the costs and "[a]s shown by the record . . . Plaintiff's sole source of income is his Social Security benefits." (*Id.*)

The court finds that because Plaintiff's Social Security disbursements are his only source of income, an injustice would occur if he was required to pay. Furthermore, this case did not contain any unique or complex legal situations; it is a standard dispute that was resolved on a summary judgment motion and therefore falls short of the generally recognized Rule 54(d)(1) threshold. *See, e.g., Grochowski v. Sci. Applications Int'l Corp.*, No. ELH-13-3771, 2017 WL 121743, at *4 (D. Md. Jan. 12, 2017) (internal and external citations omitted)) ("The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case."). Simply put, while Defendant Fairfield County is the prevailing party, Plaintiff Shaun Scipio has demonstrated an inability to pay Defendant's litigation costs. Consequently, the court **DENIES** Defendant Fairfield County, South Carolina's Bill of Costs requesting the amount of $3,045.63 (ECF No. 51).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 4, 2019
Columbia, South Carolina

3